## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| John Michael Dunn,<br><br>    Petitioner<br><br>v.<br><br>Nevada Supreme Court, et al.,<br><br>    Respondents | 2:17-cv-00921-JAD-VCF<br><br>**Order Denying as Moot Applications to Proceed In Forma Pauperis and Dismissing and Closing Case**<br><br>[ECF No. 1, 3] |

    John Michael Dunn has filed an application to proceed *in forma pauperis* and a petition for a writ of mandamus.[1] Dunn seeks a "Federal Intervening Injunction" in his pending criminal prosecution in Nevada's Eighth Judicial District Court.[2] I screen Dunn's petition under the Prison Litigation Reform Act (PLRA),[3] dismiss this case, deny the IFP applications as moot, and direct the Clerk to close this case.

    Dunn asserts that the Las Vegas Metropolitan Police Department launched a corrupt investigation against him and that the state courts have turned a "blind eye" and shown preferential treatment to the prosecuting attorney in his state criminal case. He attaches an "appeal" of his Nevada state district court and Supreme Court cases, and he requests an injunction to "obtain verification of" all warrants issued in his criminal case.[4] According to the Eighth Judicial District Court's website, of which I take judicial notice, Dunn is currently facing 79 felony charges.[5] His trial is set to begin on June 1, 2017.

---

[1] ECF No. 1.

[2] ECF No. 3.

[3] *See* 28 U.S.C. § 1915(e).

[4] ECF No. 1-3 at 1; ECF No. 3 at 11.

[5] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11492581.

Under the United States Supreme Court's decision in *Younger v. Harris*, a federal court may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.[6] *Younger* abstention is appropriate when (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.[7] Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction have courts found federal injunctive relief against pending state prosecutions appropriate.[8] All of the requirements for *Younger* abstention are present here, and Dunn has not shown that any extraordinary circumstances justify federal court intervention in his pending state criminal prosecution.

Accordingly,

IT IS HEREBY ORDERED that this action is **DISMISSED**, and Dunn's applications to proceed *in forma pauperis* **[ECF Nos. 1, 3] are DENIED as moot.**

IT IS FURTHER ORDERED that the Clerk of Court is directed to CLOSE THIS CASE.

Dated this 18th day of April, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[6] *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[7] *Middlesex Cty*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

[8] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980), *cert denied*, 449 U.S. 1014 (1980) (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).