# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| John Michael Dunn,<br>　　Petitioner<br>v.<br>Nevada Supreme Court, et al.,<br>　　Respondents | 2:17-cv-00921-JAD-VCF<br><br>**Order Overruling Objections**<br>[ECF No. 6] |

　　John Michael Dunn filed this action to seek a "Federal Intervening Injunction" in his pending criminal prosecution in Nevada's Eighth Judicial District Court.[1] I screened Dunn's petition under the Prison Litigation Reform Act (PLRA)[2] and dismissed it under *Younger v. Harris*, which teaches that a federal court may not interfere with ongoing state criminal proceedings absent extraordinary circumstances.[3] *Younger* abstention is appropriate when (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue.[4] Only in exceedingly rare cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction have courts found federal injunctive relief against pending state prosecutions appropriate.[5] I found that all of the requirements for *Younger* abstention are present here and that Dunn had not shown that any extraordinary circumstances justify federal court intervention in his

---

[1] ECF No. 3.

[2] *See* 28 U.S.C. § 1915(e).

[3] *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex Cty Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[4] *Middlesex Cty*, 457 U.S. at 432; *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994).

[5] *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980), *cert denied*, 449 U.S. 1014 (1980) (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

pending state criminal prosecution. So I dismissed and closed his case.[6] Dunn appealed that decision and filed a "Notice to Remove Case" under 28 U.S.C. 1455 and "Objection to Magistrate Judges Findings & Recommendations."[7]

**A.   Dunn cannot remove his state-court prosecution to federal court.**

First, Dunn cannot remove his state-court conviction into this civil action, and he has not demonstrated any legal basis for this court to remove his action here. 28 U.S.C. § 1445 provides the procedure for removal, but sections 1442, 1442(a), and 1443 provide the grounds (prosecutions against federal officers acting under color of law, members of the armed forces acting under color of law, or prosecutions giving rise to certain limited types of race-based civil-rights violations). Dunn has not demonstrated that any of these grounds are present in his case. He demands removal because he contends that his prosecution violates his "federally protected rights" generally because it is based on "forging judges [sic] signatures on search warrants, sealing orders and electronic surveillance court orders," "perjury and tainted evidence submitted to grand jury," "multiple parties conspiring to convict," "court appointed counsel aidding [sic] and abett[ing] the outrageous misconduct in the 8th Judicial District Court," "fraud, collusion, trickery" and "conspiracy."[8] It thus clearly appears to me on the face of the notice and the exhibits annexed thereto that removal should not be permitted. Accordingly, to the extent that his petition for removal has been recognized in this or the state court, it is DENIED, and his prosecution is summarily REMANDED under 28 U.S.C. § 1455(b)(4).

**B.   Dunn has not demonstrated a basis for relief from dismissal.**

Dunn's characterization of his post-dismissal filing as an "objection" to a magistrate judge's findings and recommendations is error. There are no magistrate-judge findings and recommendations in this case. The undersigned penned the order dismissing this case, and she is a district judge. So, even though Dunn has not cited Rule 60 as a basis for his challenge of my dismissal order, I liberally construe these "objections" as a request for relief from the order under

---

[6] ECF No. 4.

[7] ECF No. 6.

[8] ECF No. 6-1 at 2.

Rule 60.

FRCP 60(b) authorizes courts to relieve a litigant of the effects of an order under a limited set of circumstances including mistake, and "any other reason that justifies relief."[9] But Dunn has not demonstrated any reason for relief under Rule 60(b). I dismissed his case because he is challenging the acts of the prosecutors and the courts involved in his active criminal prosecution.[10] Nothing that Dunn states in his objections persuades me that *Younger* dismissal was inappropriate or that any Rule 60(b) ground exists.

Accordingly,

IT IS HEREBY ORDERED that to the extent that his petition for removal has been recognized in this or the state court, it is DENIED, and **this prosecution is summarily REMANDED** back to state court under 28 U.S.C. § 1455(b)(4);

IT IS FURTHER ORDERED that Dunn's Objection to Magistrate Judges Findings & Recommendations, which I construe as a Rule 60(b) motion **[ECF No. 6], is DENIED**.

Dated this 12th day of June, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[9] Fed. R. Civ. Proc. 60(b).

[10] ECF No. 4.